**Form 149**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Jeffrey Alan English**
**Denise Ann English**
     Debtor(s)

Bankruptcy Case No.: 17–22645–TPA
Per April 18, 2019 proceeding
Chapter: 13
Docket No.: 65 – 49, 62, 64
Concil. Conf.: 9/26/19 at 10:00 AM

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

### *(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated February 28, 2018 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on 9/26/19 at 10:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Wells Fargo (Claim No. 6) pro rata; PA Rev (Claim No. 1); Kubota (Claim No. 2) at $461 per month .

☑ H.   Additional Terms: Fee application needed if any fee, including retainer, exceeds $4,000 including any fees paid to prior counsel.

The secured claim of Santander (Claim No. 4) shall govern as to claim amount to be paid at modified plan terms at $443 per month.

*(2.)*    *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**    **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty–eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty–eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**    **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**    **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021–1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**    **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**    **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**(3.)     *IT IS FURTHER ORDERED THAT:***

**A.**     After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**     Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**     Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**     Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**     The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**     In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Dated: April 24, 2019

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 17-22645-TPA
Jeffrey Alan English                                                  Chapter 13
Denise Ann English
       Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: lmar          Page 1 of 2          Date Rcvd: Apr 24, 2019
                             Form ID: 149         Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 26, 2019.
```
db/jdb         +Jeffrey Alan English,   Denise Ann English,   7574 Franklin Road,
                 Cranberry twp, PA 16066-2731
cr             +GLHEC & Affiliates: GLHEGC, NELA, USAF,   PO Box 8961,   Madison, WI 53708-8961
cr             +Nationstar Mortgage LLC, et al,   8950 Cypress Waters Blvd,   Coppell, TX 75019-4620
cr             +U.S. BANK NATIONAL ASSOCIATION,   Robertson, Anschutz & Schneid, P.L.,   6409 Congress Ave.,,
                 Suite 100,   Boca Raton, FL  33487,   UNITED STATES 33487-2853
14917767        GLHEC & Aff: GLHEGC, NELA, USAF,   PO Box 8961,   Madison WI 53708-8961
14653435       +Honda Power Equipment,   PO Box 14517,   Des Moines, IA 50306-3517
14653436       +Kubota Credit Corp,   PO Box 2313,   Carol Stream, IL 60132-2313
14673752       +Kubota Credit Corporation,   PO Box 9013,   Addison, Texas 75001-9013
14653437       +Louis DePaul,   Eckert Seamans,   600 Grant Street,   Pittsburgh, PA 15219-2788
14653438      ++NATIONSTAR MORTGAGE LLC,   PO BOX 619096,   DALLAS TX 75261-9096
                (address filed with court: Nationstar Mortgage,   PO Box 619096,   Dallas, TX 75261)
14694777       +Nationstar Mortgage LLC,   Attn: Bankruptcy Dept.,   PO Box 619094,   Dallas, TX 75261-9094
14677911        Navient Solutions, LLC. on behalf of,   United Student Aid Funds, Inc.,
                 Attn: Bankruptcy Litigation Unit E3149,   PO Box 9430,   Wilkes Barre, PA 18773-9430
14653440       +Santanander Consumer USA,   PO Box 660633,   Dallas, TX 75266-0633
14692197       +Santander Consumer USA, Inc.,   P.O. Box 560284,   Dallas, TX 75356-0284
14653441       +State Collection Service,   PO Box 6250,   Madison, WI 53716-0250
14804532        United Student Aid Funds, Inc (USAF),   PO Box 8961,   Madison WI 53708-8961
14703926        Wells Fargo Bank, N.A.,   PO Box 10438, MAC F8235-02F,   Des Moines, IA 50306-0438
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14712004        E-mail/PDF: resurgentbknotifications@resurgent.com Apr 25 2019 02:18:59
                 LVNV Funding, LLC its successors and assigns as,   assignee of CR Evergreen, LLC,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
14732530        E-mail/PDF: resurgentbknotifications@resurgent.com Apr 25 2019 02:18:28
                 LVNV Funding, LLC its successors and assigns as,   assignee of Roundup Funding L.L.C.,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
14710616        E-mail/PDF: pa_dc_claims@navient.com Apr 25 2019 02:18:27    Navient CFC c/o,
                 Navient Solutions, LLC.,   PO Box 9640,   Wilkes-Barre, PA 18773-9640
14653439        E-mail/PDF: pa_dc_claims@navient.com Apr 25 2019 02:19:31    Navient Solutions,   PO Box 13611,
                 Philadelphia, PA 19101
14652740       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 25 2019 02:19:28
                 PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
14655574        E-mail/Text: RVSVCBICNOTICEl@state.pa.us Apr 25 2019 02:15:14
                 Pennsylvania Department of Revenue,   Bankruptcy Division PO Box 280946,
                 Harrisburg PA 17128-0946
                                                                         TOTAL: 6


              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              U.S. Bank National Association, as Trustee for SPE
cr*            +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                         TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 26, 2019                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0315-2          User: lmar            Page 2 of 2          Date Rcvd: Apr 24, 2019
                              Form ID: 149          Total Noticed: 23
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 24, 2019 at the address(es) listed below:
              James  Warmbrodt    on behalf of Creditor   U.S. Bank National Association, as Trustee for
               SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES,
               SERIES 2006-BC5 bkgroup@kmllawgroup.com
              Kevin Scott Frankel    on behalf of Creditor   Nationstar Mortgage LLC, et al pabk@logs.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Caroff    on behalf of Joint Debtor Denise Ann English pcaroff2@hotmail.com
              Peter J. Caroff    on behalf of Debtor Jeffrey Alan English pcaroff2@hotmail.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                          TOTAL: 6